Chicago Import v. Wolin & Rosen, Incorporated v. Wolin & Rosen, Ltd. Mr. Shulman. May it please the Court. As you know from reading the briefs and reviewing the record, there's a singular issue here. The singular issue is, did the District Court abuse its discretion when it ignored the teachings of this Court in the Johnson case on how to handle a claim of an attorney for a retaining? The Court recognized that Johnson was the controlling authority, it discussed it, it made some findings, and then at the end of the day, it said exactly what this Court has said in Johnson should not happen. It found that while there was a definite need for the files, and we're not here appealing that portion, that despite the fact that the amount it assumed was correct of $60,000 owed in fees, and it found or assumed that Chicago Import could post security of that amount, the Court said that I find that the necessity to have these files outweighed even the ability to post security. Johnson says that's wrong. Johnson clearly says that the Court's determination is based on two factors, and these two factors have to be proven by not Wolin & Rosen in this case, but by Chicago Import. A, the need for the files, and B, they don't have the ability to post security. While they might have made the first finding, because the Court held that way and we're not arguing about that, they certainly didn't make the second finding or prove the second finding of the Court, and the Court didn't accept their arguments that they didn't have it. In fact, it said, I don't have much on this, so I hold that against Chicago Import. Mr. Shulman, what relief are you asking this Court to provide? I'm asking for exactly the relief that we asked for downstairs, that they'd be required to post a security in the amount of $60,000. And what if they don't? Well, we can't get our files back, there's no doubt about that, but I believe the Church of Scientology case says even when things are, they're not moot because some relief can be crafted. So what's the alternative, if we issue an order and it's not complied with, what's the consequence? I would say that there would be a contempt of this Court's order, and then whatever this Court or the District Court, if it goes back to reban that way, would say would be how they could purge the contempt. The District Court found that they had the ability to post the security, and they don't really deny that. They said they couldn't, but that was it. And what would the security actually be? I know that the amount owed was $60,000, so is it more like a criminal case, 10% would be, or it would be up to the Court to decide what would be, or is there a standard? Well, I don't think there's a real standard. The only case that sort of addressed that was actually what the result in Lucky Gold Star was, which was the District Court case, probably 20 years decided before Johnson, where the District Judge said you have to turn over the files, but it's conditioned on posting security, which is what we asked for here. And then he referenced, and I don't have it handy right now, he referenced under the guidance of a way it was posted in an Illinois appellate court case. Oh, and there are no standards in Illinois either? Well, there appears to be. Would it be like 10%, 50%? I'm just trying to get a sense of what... Well, I would say the standard that Johnson says is it has to be an amount to secure the lien. So $60,000. I would disagree with 10%. That's just a criminal. If you go to just the general civil rule, if you have to post the supersedious on appeal, it's at least the amount of the judgment and maybe one and a half times. I'm not abdicating one and a half times. If that's the standard that this court thinks is appropriate based on supersedious, that would be the standard. But in civil cases, bonds are always the amount of the judgment, both here and in Illinois. So I think that would be a guidepost to answer the question. Outside of that, the record... Now, you know that there's this whole issue of contesting what was actually owed. That's correct. And the district court in this case assumed that $60,000 was owed. That was the starting. Now, if the case on remand goes back and that's going to be an issue, if this court is going to say it's for the district court in the first instance to decide how much actually is owed. He didn't do that the first time. He just assumed it. But it's for him to decide that that's a hearing. The record before you right now, the district court said, I assume the $60,000 is owed. Does the district judge have to make that determination or can he leave you to go to state court? Well, Johnson says he can. He can. That's not my question. Must he? Must he? No, I don't think he must. Have you all filed suit in state court? We have various proceedings in state court that are involving some of the other cases, not on this case. I don't know the status of all of them. I'm not the attorney in the office handling them. But it's my understanding that none of them really are going to say how much is owed. We have not been a plaintiff, if that's your question. We've not sued for attorney's fees. Do you have counterclaims for attorney's fees? Yes. But not for this case? No. I believe the way it arose in state court is the same request for some files. And then we asserted our retaining lien, and that's pending in state court. In the other cases, as the record shows, we represent in Chicago import in maybe five or six other civil cases. But we have not filed for attorney's fees. Okay. You're into your rebuttal time. Do you want to say what's left? No, I will say what's left, unless the court has any further questions. Okay. Thank you. Mr. Morgan. Oh, sorry. Mr. Roth. Good afternoon. Sorry, Mr. Roth. My name is Mark Roth. I represent Chicago import. I want to clear up the last point, and perhaps Mr. Shulman is not aware of this, but Woolen Rosen has filed two state court lawsuits to collect on the very same attorney's fees that we're hearing about. They're filed in the municipal division down here in the Daly Center. In fact, we're up for a hearing tomorrow at 2 o'clock to consolidate those cases. So they have filed, just so we're 100% clear on this, they have filed collection proceedings to collect the very same attorney's fees that they're seeking to put a basically have us post bond on or post a security on. They're already seeking those fees. What Mr. Shulman is referencing is there were various other cases in which the firm refused to turn over the files, and we had to file motions for turnover in those state court cases. And eventually those state court judges ruled that what we ended up doing is we paid whatever was owed in that particular case as a condition for getting that file. But as far as the $60,000 goes, and I'm going to give Mr. Shulman the benefit of the doubt because he's not a part of that. He didn't file that. Those are the subject of state court collection actions. As far as the argument about Johnson v. Cherry, if you take a look at the Johnson case and the cases that precede Johnson, which is the Lucky Gold Star case, Lucky Gold Star was decided in 86. It's a district court case. It provides various factors that courts look to when deciding whether to impose a retaining lien. Just like the court said in this case, a retaining lien is far from absolute is what the district judge said here, and he's absolutely correct. It's far from absolute. You take a look at these various seven factors, and you balance the equities of everyone. You look at the interests of the attorney, you look at the interests of the client, the interest of the court, and the interest of the other party to the proceeding as well. And you put those into the mix, and you come up with whether the court may impose this retaining lien, which is not an absolute thing. The court may, in its discretion, impose it or may not impose it. In the case of Johnson v. Cherry, the district court didn't look at any factors whatsoever. It just completely ignored the lien. And on appeal, this court remanded the case back down to the district court and said take a look at some of the party's interests and decide whether, in fact, a retaining lien should be applied. That's the holding in Johnson v. Cherry. Johnson didn't say that whenever the client has the ability to post security, that the inquiry ends and that's it, and you have to impose a retaining lien. That was never the opinion in Johnson. Johnson only remanded it down to the district court to take a look at the lucky gold star factors, which is exactly what Judge Shaw did in this case. In his opinion, which we have the transcript here, he went through those factors, and he found that at the end of the day, the most important factor weighed heaviest as far as giving the file to the client, and that was the position of the case at that point in time. When we came into the case and asked for the file, the case, all discovery was closed. The case was ready to set dispositive motions and ready to have a trial, they said. I have to ask, are you guys getting paid? Well, you know, Your Honor, we've been paid something on this case, yes. Yeah. So unless you have any other questions, I did want to just clear up that issue about the firm is absolutely trying to collect the same fees that they're seeking to have posted as security. So then you wouldn't be opposed if this goes back, remanded, it then be that Judge Shaw would send it to the state court so you'd have everything in one place? Well, I think it should be in state court. I don't think this is a federal court issue. The question is, is Woolen Rosen entitled to this amount of fees? And we've raised some serious questions about the reasonableness of the fees. And so it's in the right place. It's in state court already. So we'd ask that you affirm the district court's decision. Thank you. How much time? Three minutes. I don't think it'll take that long. First of all, you're office is correct. The attorney in our office is sitting here and he has informed me, as I said, I was not the one handling it. We do have cases in state court seeking to collect the fees. So I stand corrected and I apologize for that. The other matters are the question of Lucky Gold Star, which again has been argued here, as opposed to Johnson. Johnson is this court's case. Lucky Gold Star is a district court case. In Johnson, which I read this morning and I have one observation, when this court decided Johnson, it didn't even mention Lucky Gold Star. It has its own formula for what the district court should look at in deciding whether to turn over the files, which again we do not object to. We haven't appealed that part. We've only appealed the security part. And I'm just going to read it from Johnson. For example, Johnson has not established need for access to the documents in her file, nor has she presented evidence that she lacks the means to post adequate security. She may well be able to do both showings, but until she does, the district court may not simply disregard the retaining lien the client has asserted. That was what Johnson said. That's what happens here, and that is why we are asking you to reverse and or remand this to the district court to make the necessary findings and to set the proper security for the files we've turned over. All right. Thank you. Thank you to both counsel. We'll take the case under advisement. The court will stand in recess. Okay.